# IN THE SIXTH APPELLATE DISTRICT OF TEXAS
## AT TEXARKANA

RECEIVED IN
The Court of Appeals
Sixth District

JAN 1 5 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

JAN 1 6 2015

Texarkana, Texas
Debra K. Autrey, Clerk

# ROBERT TROY McCLURE, Appellant

## VS

# THE STATE OF TEXAS, et al., Appellees

On appeal from Civil Cause No 12C0711-102, in the 102nd District Court of Bowie County, TX. Hon. Judge Bobby Lockhart, presiding

## APPEAL NO. 06-14-00026-CV

# APPELLANTS RESPONSE BRIEF

TO THE HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS:

# IDENTITY OF PARTIES

Robert T. McClure, prose;
appellant
Hughes Unit
RT. Box 4400
gatesville, tx 76597

Attorney General of Texas
mr. Stone, attorney for TDCJ
Po box 12548
Austin, Tx 78711

i

# TABLE OF CONTENTS

INTERESTED PARTIES . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . iii

RESPONSE . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . 6

PRAYER . . . . . . . . . . . . . . . . . . . 6

# INDEX OF AUTHORITES

## STATE

Garza v Levin 769 swdd 644 (Tex App Corpus Christi 1989) pg 2-6.

# I.

TO THE HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS:

This response mcclure will reveal falsehoods, misrepersentation of facts and a gross amount of unethical conduct comitted by Stone who, is the attorney for T.D.C.J.

Frist and firemost stone in his motion for extension of time claimed that mcclure failed to provide copies of certain pleadings. He alledgely provided an affidavit. Stone failed to disclose a copy of said affidavit and staying true to form failed to disclose all exhibits, attachments he provided to the court in his brief.

mcclure re-asserts his appeal brief for those reasons he will only address the falsehoods made by stone.

1

Stone in his appeal brief at page 8, stated that he learned that mcclure failed to disclose a completely different lawsuit to the trial court. This is a falsehood. In the very frist motion to dismiss filed by the frist attorney of record, mr. ritter Only argued that mcclure failed to list one federal lawsuit. ie, langly. moreover, this legal argument is barred from Court review. Because attachment A is not a part of the record nor was it the cause of dismissal because it was not brought up at any time. See, Garza v Levin, 769 S.W.2d 644, (Tex. App - Corpus Christi 1989)

## II.

Stone at page 9 addresses that mcclure can't show that livingston failed to comply with state law. However, stone failed to show that mcclures claims are frivolous. moreover, no discovery has been had. and mcclure would have been permitted by law to add parties, amend pleadings if the trial court would have not abused their discretion for the 2nd time. Be that as it may. Stone misses that it is statelaw not prison rule mcclure is alleging livingstone violated. And he failed to properly support his argument with case law.

2

## III.

Stone argues to this court that TDCJ investigated the assault and concluded that no staff assault did not occur. This is a legal argument that is barred. The Clerks record establishes that mcclure did receive a broken nose and it shows all disciplinary cases for self-infliction were dismissed as false cases and mcclure was given back his custody level. see, C.R. 303, 304. Stone is knowingly misrepersenting facts to this court. Boles was fired.

## IV.

The most grave of falsehoods made by Stone is where is claims to this court that he did not receive any motion to amend complaint. This is a lie. How can mcclure prove it? Its simple. Let us review the frist motion to dismiss see C.R. pg. 13-19. In this motion they state mcclure failed to disclose one federal lawsuit. ie, langly. This was filed on Fed. 6, 13. On Feb. 27, 13 mcclure filed his amended pleadings curring all defects. As time went by two other attorneys took over the case.

3

Stone at pg. 13 falsely argues that he was surprised and pg 14. of his brief. He goes on about how the court some how believed there is surprise or something. But if the court knew of the amend pleadings how can Stone say he did not know.? Furthermore, Stone says that (me) mcclure did not even apprise of the fact he amended his complaint to the court. This is another lie. See, R.R. pg. 27 at 1- ... mcclure addressing the court:

"... Chapter 14, there's no where in the Chapter 14 mandatory language that gives the court authorization to dismiss a lawsuit that has merit. It does not also say that the pro se litigant does not have the ability to amend his complaint and to cure the deficiencies. If I had my legal work here today [1]; I would quote Supreme court case law and texas~~tan~~ Supreme law that supports my position that allows a pro se inmate to amend his complaint to cure the deficiencies before a motion to Dismiss is ruled upon. I quoted that. I would be able to show you black letter law on that, and that defeats his argument.

---

1. please remember the prison officials illegally seized mcclures legal case file he was taking with him to the hearing. walking out of prison. LT. Spivey took all his property and said mcclure will not leave with it.

4

McClure went on to address that he repeatedly requested that Boles and langly be served by which the trial court refusing to do so. see, R.R.et at 13-25.

At no time did stone raise any "alarm"! or "surprise" as he boldly claims before this court. Its all a lie. Stone didn't act confused or object or at all ask the court what is mcclure talking about. why? Because he knew mcclure amended his pleadings but because of the trial court violating mcclure's due process and not recognizing the State laws under Rules of civil procedure. Stone had to stay in form other wise he would had no argument at all. So he didn't say anything. mcclure also points out in stones motion to dismiss he completely changes tact. why? If stone really didn't know mcclure amended his pleading's he would have addressed a chapter 14 error but he didn't because he knew mcclure corrected all his errors.

cause lies, lies, lies. Its always lies at mcclure's expense, always attacting him personally, or his character as stone enjoy's doing even here at direct appeal. stone trys and defame mcclure.

5

# CONCLUSION

Stone has deliberately lied to this court. mcclure is entitled to a reversal. His claims have not met any transactional test of any kind. And all other attachments or legal arguments raised for the frist time are barred from review. See, Garza v Levin, 769 Sw.2d 644, (Tex. App- Corpus Christi 1989). (Appellate court may only consider evidence on file before trial court at time of hearing which gave rise to appealed-from order)

# PRAYER

Strike stones brief in all parts he has tried to introduce evidence, legal arguments that does not pertain to appealed issues. Issue sanctions for stones falsehoods.

Respectfully submitted,
Robert mcclure pro se
TDC#1420457
Hughes unit
RTL box 4400
gatesville, tx 76597
Jan. 7/15

6

# Certificate of service

I, robert mcclure do state I mailed a true copy to attorney general at po box 12548 Austin, tx 78711 on Jan. 9th, 15 using Hughes Unit indigent mail program.

Mcclure, R.
Jan. 9, 15